Nancy HAY, Appellant,

v.

Richard HAY, Appellee.

No. 11A01–1401–DR–22.

Supreme Court of Indiana.

May 11, 2015.

### Published Order

This matter has come before the Indiana Supreme Court on a petition to transfer jurisdiction, filed pursuant to Indiana Appellate Rules 56(B) and 57, following the issuance of a decision by the Court of Appeals in *Hay v. Hay,* No. 11A01–1401–DR–22, 2014 WL 4473646 (Ind.Ct.App. Sept. 11, 2014) (mem. dec.). The Court has reviewed the decision of the Court of Appeals, and the submitted record on appeal, all briefs filed in the Court of Appeals, and all materials filed in connection with the request to transfer jurisdiction have been made available to the Court for review. Each participating member has had the opportunity to voice that Justice's views on the case in conference with the other Justices, and each participating member of the Court has voted on the petition.

Being duly advised, the Court DENIES the petition to transfer jurisdiction, and the Clerk is directed to certify the Court of Appeals decision as final.

RUSH, C.J., and RUCKER and MASSA, JJ., concur.

DAVID, J., dissents to the denial of transfer with separate opinion, in which DICKSON, J., joins.

DAVID, J., dissenting.

I respectfully dissent from the denial of transfer, as I believe the August 2000 Marital Estate Distribution Order to be unambiguous. The Order clearly directs that any payout from Nancy (Hay) Carder's pension is to

> be shared equally between the parties. If capable to do so, [Carder] is ordered to execute documents to direct deposit those proceeds in an account jointly owned by [Carder and Hay] with each entitled to one-half of the proceeds *as they are received.* In the event such transaction is not available to [Carder], she is ordered to transfer one-half of each retirement check derived from that account to [Hay], his heirs or assignees.

(Appellant's App. at 42–43 (emphasis added).) By its plain language, the Order entitles Richard Hay to one half of Carder's $2,369.63 monthly pension benefit, or $1,184.82, *as it is received.*

I agree with Judge Crone that the trial court acted within its discretion when it concluded that Carder was in contempt for paying Hay what amounted to one half of the monthly pension benefit as of the parties' separation date, or $559 per month. *Hay v. Hay,* Case No. 11A01–1401–DR–22, Slip. op., 2014 WL 4473646 at *20 (Ind Ct.App. Sept. 11, 2014) (Crone, J., dissenting). Accordingly, I would grant transfer and affirm the trial court's determination that the Order requires Carder to pay one half of the total monthly amount received from the pension to Hay (after deducting her tax consequences on Hay's payment). (Order at 3.)

DICKSON, J., joins.